IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SYLVIA MOORE                                )
                                            )
      Plaintiff,                        )
                                            )
v.                                          )          Civil Action No. 1:22-cv-51 (RDA/IDD)
                                            )
VERIZON COMMUNICATIONS, INC.                )
                                            )
      Defendant.                        )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. 6) and Plaintiff's Motion for a Preliminary Injunction (Dkt. 26).  Having considered the Motions, Defendant's Response to Plaintiff's Motion for a Preliminary Injunction (Dkt. 27), Plaintiff's Reply in Support of her Motion for a Preliminary Injunction (Dkt. 29), Defendant's Memorandum supporting its Motion to Dismiss (Dkt. 7) and the associated Declarations and Exhibits (Dkt. Nos. 8-10), Plaintiff's Opposition to Defendant's Motion to Dismiss (Dkt. 14), Defendant's Reply in Support of its Motion to Dismiss (Dkt. 16), and Defendant's Supplemental Memorandum in Support of its Motion to Dismiss (Dkt. 46) and the associated Declaration (Dkt. 47), and for the reasons that follow, this Court DENIES Plaintiff's Motion for a Preliminary Injunction and GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND[1]

### A. Factual Background

Plaintiff Sylvia Moore ("Plaintiff") was employed by Defendant Verizon Communications, Inc. ("Defendant") from 1989 until 2017.  Dkt. 1 at 7; Dkt. 7 at 4.  As a Verizon employee, Plaintiff participated in a Verizon Pension Plan.  *See* Dkt. 7 at 4; Dkt. 8, Ex. A.

In 1992, Plaintiff became pregnant and was advised by Defendant that she had to take an Anticipated Disability Leave of Absence for the birth of her child.  Dkt. 1 at 6.  According to Plaintiff, Defendant told her that if she did not take that leave, her childbirth-related absences would be considered "unexcused absences[,]" and could lead to disciplinary action.  *Id.*

Plaintiff took Anticipated Disability Leave in December of 1992, as her due date was December 28, 1992.  *Id.*  To take that leave, she had to pay her health insurance for December of 1992 and complete paperwork verifying the birth of her child within two weeks of giving birth. *Id.*  Defendant told Plaintiff that if she failed to fill out the requisite paperwork within the provided timeframe, she would be responsible for the medical expenses of her birth and her maternity leave pay would be delayed.  *Id.*  Plaintiff timely submitted the correct paperwork, but her maternity pay was nonetheless delayed.  *Id.*[2]

---

[1] Ordinarily, at the motion-to-dismiss stage, the Court must accept all facts contained within the Complaint as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, as explained below, the Court treats Defendant's Motion to Dismiss as one for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(d). Accordingly, the Court presents the undisputed facts as set forth in Plaintiff's Complaint, Defendant's Motion to Dismiss and the accompanying attachments, and Defendant's supplemental brief.

[2] Defendant does not appear to dispute any of these facts, which were alleged in Plaintiff's Complaint.

Plaintiff worked at Verizon until early 2017, when she resigned. *Id.* at 8.[3]  According to Plaintiff, she resigned due to intolerable conditions, threats, assault, battery, life-threatening situations, invasion of privacy, and stalking. *Id.*  After her resignation, Plaintiff told Defendant that its plan administrator denied her some of the pension she had earned due to a "break-in-service" in December 1992 and January 1993. *Id.* at 9.  As a result, Plaintiff requested the formula used to calculate her pension, which was then mailed to her. *Id.*  She was also mailed forms asking her to waive future benefits, which she refused to sign. *Id.*  Plaintiff then twice returned the forms to Defendant's plan administrator; pension was denied both times, causing Plaintiff financial hardship. *Id.*[4]

Plaintiff then agreed to sign the required forms but noted that she would be doing so under duress. *Id.*  She returned the forms a third time, and her pension increased. *Id.* at 10.  When she asked why the pension increased, the plan administrator did not provide an explanation. *Id.*  Plaintiff later received Defendant's Pension Benefits Package and noticed that her commencement date had been changed from March 2017 to July 2017, which caused the increase in pension. *Id.*[5]  Plaintiff was also informed that she could file a claim, and she filed a claim in December of 2017.

---

[3] There is a dispute over when Plaintiff left Verizon in 2017. *Compare* Dkt. 1 at 8 (Plaintiff alleging she resigned on February 19, 2017) *with* Fleming Decl. ¶ 2 (declaration attached to Defendant's Motion to Dismiss, stating Plaintiff was employed by Defendant until March 23, 2017).  Regardless, even if there is a genuine dispute as to the precise date Plaintiff left Verizon, it is immaterial, for the reasons stated *infra*.

[4] Defendant does not appear to dispute any of these facts, which were alleged in Plaintiff's Complaint.

[5] Defendant does not appear to dispute any of these facts, which were alleged in Plaintiff's Complaint.

*See* Dkt. 8 ("Fleming Decl.") ¶ 10; *see id.*, Ex. F (Plaintiff's claim initiation form), Dkt. 1 at 10 (Plaintiff alleging she filed a claim).[6]

Verizon denied Plaintiff's claim in 2018. Fleming Decl. ¶ 11; *see id.*, Ex. G (claim denial letter). Verizon told Ms. Moore that, contrary to her assertions otherwise, her credited service was not reduced for her maternity leave in December of 1992. *See* Dkt. 8, Ex. G, at 6 ("There was no period of maternity leave that was not recognized in determining your benefit."). The letter Verizon sent stated that her pension "recognized [her] entire period of employment" from the time she was hired until the termination of her employment. *Id.* Verizon included the relevant pension benefit calculations in the letter. *See id.* at 1-6 (calculations). In its letter denying her claim, Verizon also advised Ms. Moore of her right to appeal the Verizon Claims Review Unit's decision denying her claim to the Verizon Claims Review Committee ("VCRC"). *Id.* at 8. The letter informed her that any requests for review had to be submitted within 60 days from the date of the letter, and that she had to exhaust the appeal process to bring any action to recover plan benefits. *Id.*[7]

Plaintiff did not submit an appeal or request for review to the VCRC within 60 days of the letter. Fleming Decl. ¶ 13. Rather, two years later, Plaintiff sent a letter to Verizon claiming that it had broken its "Code of Conduct and ERISA Agreement" and that she intended to seek legal assistance. *See id.*, Ex. H (letter from Plaintiff). Verizon replied that because Plaintiff did not

---

[6] Plaintiff alleged in her Complaint that she filed a claim in 2018. Dkt. 1 at 10. However, the claim document indicates she sent the claim to Defendant on December 15, 2017. *See* Dkt. 8, Ex. F, at 7 (claim notarized on December 15, 2017) and 9 (envelope dated December 15, 2017). Regardless, even if there is a genuine dispute as to *when* the claim was submitted, it is immaterial, as shown *infra*.

[7] The Court gave Plaintiff an opportunity to submit any materials relevant to Defendant's Motion to Dismiss. Dkt. 45. She did not submit any materials. Plaintiff does not appear to dispute that she received the letter or its underlying contents. Dkt. Nos. 6-10.

appeal within 60 days following the denial of her claim, her request would remain closed.  *See id.*, Ex. I (Verizon's reply to Plaintiff's letter).[8]

Plaintiff also filed a charge of discrimination against Verizon with the Equal Employment Opportunity Commission ("E.E.O.C.") on April 11, 2018.  *See* Dkt. 9, Ex. 1 (Plaintiff's Charge of Discrimination).   She claimed that Verizon discriminated against her due to her sex, age, pregnancy, and disability.  *Id.*  On April 12, 2018, the E.E.O.C. dismissed Plaintiff's claim and notified her of her right to commence a civil action within 90 days of her receipt of the dismissal. *See* Dkt. 9, Ex. 2 (E.E.O.C. dismissal).[9]

The Complaint also alleges that Defendant's predecessors, Bell Atlantic and NYNEX, were subject to a class action brought by the E.E.O.C.  *Id.* at 7.   In that case, the E.E.O.C. alleged violations of Title VII of the Civil Rights Act, the Equal Pay Act of 1963, the Pregnancy Discrimination Act of 1978, and the Civil Rights Act of 1991.  *Id.*  Those claims are premised on the allegation that Defendant's predecessors unlawfully denied female employees service credit related to maternity and/or pregnancy leave.  *Id.*  Plaintiff claims she is a member of that class, that her service credit was not restored, and that she did not receive any compensation stemming from the class action consent decree.  *Id.*

### B. Procedural Background

Plaintiff filed her Complaint on January 18, 2022.  Dkt. 1.  Defendant filed its Motion to Dismiss, with a supporting memorandum and various attachments and declarations, on March 29, 2022.  Dkt. Nos. 6-10.  Plaintiff opposed that motion on April 26, 2022.  Dkt. 14.  Defendant

---

[8]  Plaintiff does not appear to dispute any of these facts, which were presented as part of materials attached to Defendant's Motion to Dismiss.

[9]  Plaintiff does not appear to dispute any of these facts, which were presented as part of materials attached to Defendant's Motion to Dismiss.

replied in support of its Motion on April 29, 2022.  Dkt. 16.  Plaintiff moved for a Preliminary Injunction on June 24, 2022, Dkt. 26, and Defendant responded on July 12, 2022, Dkt. 27.  Plaintiff replied in support of her Motion for a Preliminary Injunction on July 22, 2022.  Dkt. 29.

Plaintiff filed a series of motions on August 23, 2022: a Motion to Expedite the Preliminary Injunction (Dkt. 31); a Motion to Recuse the Magistrate Judge (Dkt. 32); a Motion to Temporary Stay Initial Injunction (Dkt. 33); a Motion to Enforce ERISA US Code 1132 (Dkt. 34); a Motion to Ban the Rocket Docket (Dkt. 35); a Motion to Extend Disclosure (Dkt. 36); and a Motion to Verify Jurisdiction (Dkt. 37).  Defendant did not respond to these motions.  This Court denied Plaintiff's Motion to Recuse the Magistrate Judge on September 7, 2022, as moot.  Dkt. 41.

In support of its Motion to Dismiss, Defendant filed several Exhibits, including a Declaration from Mr. Daniel Fleming, a Benefits Manager at Verizon Corporate Resources Group, LLC.  *See* Dkt. Nos. 8-10.  Some of the information in Defendant's Motion to Dismiss and the accompanying Exhibits constituted "matters outside the pleadings" that the Court could not consider at the motion-to-dismiss stage.  Fed. R. Civ. P. 12(d).  Most notably, Defendant's central argument in support of dismissal of Plaintiff's ERISA claims is that Plaintiff did not exhaust the administrative procedures that were available to her, which is an affirmative defense.  *Venezuela v. Massimo Zanetti Beverage USA, Inc.*, 525 F. Supp. 2d 781, 784 n.2 (E.D. Va. 2007).  Accordingly, Defendant has the burden of establishing Plaintiff's failure to exhaust, and such a defense cannot be reached on a Motion to Dismiss unless "all facts necessary … clearly appear on the fact of the [C]omplaint."  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (cleaned up).

The Court notified the parties that it was treating Defendant's Motion to Dismiss as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56.  Dkt. 45.  As a result,

6

the Court ordered the parties to submit supplemental briefing presenting any additional information pertinent to Defendant's Motion to Dismiss by November 4, 2022.  Dkt. 45; *see also* Fed. R. Civ. P. 12(d) (noting that if the Court treats a motion to dismiss as a summary judgment motion under Rule 56, it must offer all parties "a reasonable opportunity to present all the material that is pertinent to the motion").  Defendant filed its supplemental brief on November 4, 2022. Dkt. 46.  Plaintiff did not file a supplemental brief.

### III. Defendant's Motion to Dismiss

#### A.  Standard of Review

As stated *supra*, the Court treats Defendant's Motion to Dismiss as one for Summary Judgment under Rule 56.  Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Hantz v. Prospect Mortg., LLC*, 11 F. Supp. 3d 612, 615 (E.D. Va. 2014) (quoting Fed. R. Civ. P. 56(a)).

"A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  *Id.* at 615-16 (quoting *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001)).  The moving party bears the "initial burden to show the absence of a material fact."  *Sutherland v. SOS Intern., Ltd.*, 541 F. Supp. 2d 787, 789 (E.D. Va. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  "Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists."  *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

On summary judgment, a Court reviews the evidence in the light most favorable to the non-moving party.  *McMahan v. Adept Process Servs., Inc.*, 786 F. Supp. 2d 1128, 1134-35 (E.D. Va.

2011) (citing *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003)).  Here, Plaintiff is the non-moving party and all reasonable inferences are accordingly drawn in her favor.  *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 570 (4th Cir. 2015) (quoting *Tolan v. Cotton*, 572 U.S. 650, 657 (2014)).  This is a "fundamental principle" that guides a Court as it determines whether a genuine dispute of material fact within the meaning of Rule 56 exists.  *Id.*  "[A]t the summary judgment stage[,] the [Court's] function is not [it]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

A factual dispute alone is not enough to preclude summary judgment.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson*, 477 U.S. at 247-48.  And a "material fact" is one that might affect the outcome of a party's case.  *Id.* at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).  The substantive law determines whether a fact is considered "material," and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).  A "genuine" issue concerning a "material fact" arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor.  *Anderson*, 477 U.S. at 248.

### B. Analysis

Plaintiff presents a hodgepodge of claims.  First, her Complaint seems to allege a breach of contract claim.  *See* Dkt. 1 at 9-10 (alleging that Verizon breached its Benefit Package Agreement).  She also claims that Defendant violated Title VII, the Pregnancy Discrimination Act, the Equal Pay Act, and the Civil Rights Act.  *Id.* at 11.  Moreover, Plaintiff alleges that Defendant

has violated a consent decree from 2002 to which she is a party. *Id.* at 7. She also makes vague reference to violations of Defendant's "Union Agreements" and "Code of Conduct." *Id.* at 11. Finally, in her opposition to Defendant's Motion to Dismiss, Plaintiff states that she is also bringing claims under the ERISA statute, specifically 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132 (a)(3)(B). Dkt. 14 at 2-3.[10]

Defendant argues that this action should be dismissed in its entirety. Defendant first asserts that any state-law claims should be dismissed because they are preempted by ERISA. Dkt. 7 at 9-12. Next, Defendant argues that any ERISA claims that Plaintiff is pursuing should be dismissed for Plaintiff's failure to exhaust the administrative appeal procedures provided by Verizon. *Id.* at 12-18. Defendant also argues that Plaintiff's ERISA claim under 29 U.S.C. § 1132 (a)(3)(B) is time-barred. Dkt. 16 at 2-3. As to the New York consent decree, Defendant contends that Plaintiff is not part of the class covered by the settlement. Dkt. 7 at 18-21. Defendant further maintains that any sex, age, disability, or pregnancy discrimination claims are barred because Plaintiff did not timely file her action upon receipt of her right-to-sue notice from the E.E.O.C. *Id.* at 21-22. Finally, Defendant avers that Plaintiff has not identified what claims she is pursuing based on purported violations of a Union Agreement or Verizon's Code of Conduct, and that any such claims should therefore be dismissed. *Id.* at 22-24.

In response, Plaintiff states that her state law claims "are not preempted" by ERISA. Dkt. 14 at 2. She also claims that she is entitled to relief under both 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3)(B). *Id.* at 2-3. As to the consent decree, she claims that she is a part of the

---

[10] Defendant posits that Plaintiff may be bringing an intentional infliction of emotional distress claim under state law. Dkt. 7 at 10. However, Plaintiff appears to only be discussing "mental anguish" in the context of her damages for various other claims. *See, e.g.*, Dkt. 1 at 12 (describing mental anguish Plaintiff suffered "due to" discrimination against her). Apart from those allegations describing the mental anguish she suffered, there is nothing indicating that she is bringing an IIED claim.

class covered by the agreement. *Id.* at 3-4. Plaintiff also disputes the calculation of her pension benefits, claiming that Defendant violated its fiduciary obligations by "immediately jump[ing] to claim procedures." *Id.* at 14-16.

1. Plaintiff's State Law and ERISA Claims

 Plaintiff may be alleging some sort of hybrid breach-of-contract claim against Defendant. *See* Dkt. 1 at 9 (describing how Defendant allegedly violated its Benefits Package agreement). Regardless, any state law claim that Plaintiff has brought related to the purported underpayment of pension benefits—breach of contract or otherwise—is preempted by the ERISA statute.

"ERISA supersedes all state laws insofar as they 'relate to' an ERISA plan." *Darcangelo v. Verizon Commc'ns*, 292 F.3d 181, 190 (4th Cir. 2002) (quoting ERISA § 514). The parties do not dispute that an "employee welfare benefit plan exists[,]" which is a precondition for the ERISA statute to preempt state law. *Rollins v. Kjellstrom & Lee, Inc.*, 109 F. Supp. 3d 869, 879 (E.D. Va. 2015). As to the scope of preemption, "[a] state law relates to an ERISA plan if, among other things, it provides an alternative enforcement mechanism to ERISA's civil enforcement provision . . . ." *Darcangelo*, 292 F.3d at 194. The civil enforcement provision gives plan participants the right to sue "to obtain benefits under the plan, or to enforce rights or fiduciary requirements under ERISA or the plan." *Id.*

Here, the gravamen of Plaintiff's breach-of-contract allegations is that she was deprived pension that she was due under the plan. *See, e.g.*, Dkt. 1 at 6-7 (describing Plaintiff's time working for Defendant) and 8-10 (describing purported miscalculations of her pension benefits). That claim falls squarely within ERISA's civil enforcement provision, which allows a Plaintiff to "recover benefits due to [her] under the terms of [her] plan." 29 U.S.C. § 1132(a)(1)(B). Accordingly, any state law claim that Plaintiff brings here is preempted by ERISA. *See Rollins*, 109 F. Supp. 3d at 880 (dismissing state law breach-of-contract claim under Rule 12(b)(6) due to

ERISA preemption).

While Plaintiff's Complaint does not, on its face, allege any ERISA claims, her opposition to Defendant's Motion to Dismiss states that she is pursuing claims under ERISA's civil enforcement statute. Thus, the Court will address her ERISA claims. *See* Dkt. 14 at 2-3. Moreover, the viability of any ERISA claim is also relevant to whether Plaintiff can amend her Complaint to explicitly bring ERISA claims in place of her state law claims or whether such an amendment would be futile, warranting dismissal with prejudice. *See Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va. 2013) ("[W]here amendment is futile, courts have exercised their discretion to deny leave to amend and dismiss with prejudice.").

First, Plaintiff could bring a claim under 29 U.S.C. § 1132(a)(1)(B). Under that subsection, Plaintiff can bring a claim "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's opposition to Defendant's Motion to Dismiss indicates that she is pursuing such a claim to recover the benefits she believes she is owed but were not paid. Dkt. 14 at 2-3.

"An ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which [she] participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132." *Makar v. Health Care Corp. of Mid-Atlantic (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989).[11] Put simply, before a plaintiff can sue under ERISA for unpaid benefits, she must "exhaust the administrative remedies provided in … her employee benefit

---

[11] A *pro se* plaintiff does not appear to be excused from the exhaustion requirement, although the Fourth Circuit has not explicitly indicated whether that is the case. *See Lewis v. U.F.C.W. Dist. Union Local Two and Employers Pension Fund*, 273 F. App'x 765, 767-68 (10th Cir. 2008) (applying exhaustion requirement to *pro se* plaintiff), *Thomas v. Verizon*, 2005 WL 3116752, at *1 (2d Cir. 2005) (same).

plan[.]"  *Norris v. Boeing Co.*, 2008 WL 2777411, at *1 (E.D. Va. July 14, 2008) (cleaned up).

The undisputed facts here establish that Plaintiff did not exhaust the administrative remedies that were available to her.  After she received her pension, Plaintiff filed a claim for additional benefits in December of 2017.  Fleming Decl. ¶ 10; *see* Dkt. 8, Ex. F (Plaintiff's claim initiation), Dkt. 1 at 10 (Plaintiff alleging she filed a claim).[12]  That claim was subsequently denied on March 12, 2018.  Fleming Decl. ¶ 11; Dkt. 1 at 10; *see also* Dkt. 8, Ex. G (letter denying claim).  In denying Plaintiff's claim, Defendant informed her of her appeal options.  *See* Dkt. 8, Ex. G at 8 (informing Plaintiff of her ability to have the VCRU review her claim).  Specifically, Defendant notified Plaintiff that she had to submit a letter within two months of receiving the claim denial and that the appeal process had to be exhausted for her to commence a civil action under Section 502(a) of ERISA.  Fleming Decl. ¶ 12; *id.*, Ex. G, at 8.[13]  It is not controverted that Plaintiff did not appeal the denial of her claim within 60 days.  Fleming Decl. ¶ 13.  Rather, the only correspondence that Defendant received from Plaintiff after its denial of her claim was a June 23, 2020 letter where Plaintiff noted that she was seeking legal assistance.  Fleming Decl. ¶ 14; *id.*, Ex. H.  Plaintiff does not contest these facts.  Accordingly, it is undisputed that Plaintiff did not exhaust the administrative remedies that were available to her.[14]

It follows that Plaintiff's failure to exhaust is fatal to her claim under Section

---

[12] As stated *supra*, the parties dispute the precise date that Plaintiff filed her claim.  However, that particular date is not material to the inquiry into whether Plaintiff fully exhausted the administrative remedies that were available to her.

[13] Plaintiff does not dispute that she received this letter.

[14] Plaintiff also does not argue that the administrative remedies would have been "useless" such that exhaustion was not required.  *Makar*, 872 F.3d at 83.  And there are certainly no facts in the record that would support "a clear and positive" showing that "the remedies [would have been] futile or useless[,]" obviating the need for exhaustion.  *Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 471-72 (4th Cir. 2011) (citing *Makar*, 873 F.3d at 83).

1132(a)(1)(B).  Plaintiff "has neglected to exhaust her [p]lan remedies, and for lack of timeliness, cannot now do so."  *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 230 (4th Cir. 2005).  The time for Plaintiff to appeal the denial of her claim expired 60 days after March 12, 2018, and so it is impossible for her to now pursue an appeal and exhaust the administrative remedies available to her.  Because an appeal according to the plan procedures is impossible, her claim is barred as a matter of law.  *Id.*

Plaintiff also asserts that she is bringing a claim under 29 U.S.C. § 1132(a)(3)(B).  Such a claim can either seek "equitable relief" to "redress" plan or ERISA violations or can seek the enforcement of any ERISA or plan provisions.  29 U.S.C. § 1132(a)(3).  However, "[w]hen a beneficiary simply wants what was supposed to have been distributed under the plan, the appropriate remedy is [a] § [1132](a)(1)(B) [claim]."  *Coyne & Delany Co. v. Blue Cross & Blue Shield of Va. Inc.*, 102 F.3d 712, 715 (4th Cir. 1996).  And a Plaintiff cannot simultaneously proceed with a § 1132(a)(1)(B) and § 1132(a)(3) claim.  *Korotynska v. Metropolitan Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006).  Accordingly, Plaintiff's 29 U.S.C. § 1132(a)(3)(B) claim is barred as a matter of law.

Even if Plaintiff could bring a claim under 29 U.S.C. § 1132(a)(3)(B), it would not be viable.  First, the only relief afforded to § 1132(a)(3)(B) claimants is *equitable* relief, which excludes monetary damages.  *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) (holding that plaintiffs could not pursue compensatory damages under § 1132(a)(3)(B) and that the only relief available under that provision was equitable in nature).  Plaintiff does not seek equitable relief; what she demands here is the monetary benefits she claims she is owed.  That type of remedy is "most akin to money damages or the specific performance of allegedly past due monetary benefits[,]" which is "relief that is not available under" § 1132(a)(3).  *Estate of Spinner v. Anthem Health Plans of Va.*, 589 F. Supp. 2d 738, 747 (W.D. Va. 2008) (citing *Great-West Life & Annuity*

*Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)).

Second, the undisputed facts do not support a viable claim under § 1132(a)(3).  To state such a claim, Plaintiff must show that: "(1) the defendant was a fiduciary of the ERISA plan; (2) the defendant breached its fiduciary responsibilities under the plan; and (3) injunctive or other equitable relief is necessary to remedy the breach."  *Estate of Spinner*, 589 F. Supp. 2d at 747.  As stated *supra*, it is unclear what "injunctive or other equitable relief" is "necessary" to remedy any breach by Defendant in this case.  Moreover, a party is a "fiduciary of the ERISA plan" "only as to the activities which bring the person within the definition."  *Adams v. Brink's Co.*, 261 F. App'x 583, 590 (4th Cir. 2008).  In other words, to be liable under § 1132(a)(3), Defendant must have been *acting* as a fiduciary towards Plaintiff, meaning it must have been exercising "discretionary authority or discretionary control respecting management" of the plan.  *Id.* (cleaned up).  Crucially, this does not include "ministerial administrative acts."  *Id.* at 592.  In this case, explaining plan benefits and processing Plaintiff's claim is a classically ministerial act, not an act requiring discretion.  *See HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1009 (4th Cir. 1996) (claim processing is not a fiduciary act); *Weeks v. Western Auto Supply Co.*, 2003 WL 21510822, at *6 (W.D. Va. June 2, 2003) (advising participants about plan benefits is not a fiduciary act); 29 C.F.R. § 2509.75–8 (an individual who lacks the power to make decisions as to plan policy, practices, and procedures but advises participants of their rights and options under the plan acts in a purely ministerial function).  There are no facts showing that Defendant was acting in a fiduciary capacity, and so Plaintiff's claim pursuant to 29 U.S.C. § 1132(a)(3)(B) would fail for that reason as well.

### 2. Plaintiff's Sex, Age, and Pregnancy Discrimination Claims

Plaintiff also suggests that she is bringing sex, age, disability, and pregnancy discrimination claims.  *See* Dkt. 1 at 11 (alleging that Defendant "violated Title VII of the 1964 Civil Rights Act,

14

the Pregnancy Discrimination Act of 1978, the Equal Pay Act of 1963, and the Civil Rights Act of 1991").  The undisputed facts show that summary judgment must be granted for Defendant on those claims.

As to Plaintiff's Title VII discrimination claim, Plaintiff failed to timely file suit against Defendant.  On April 11, 2018, Plaintiff filed a charge with the E.E.O.C. alleging discrimination on account of age, sex, pregnancy, and disability.  Dkt. 9, Ex. 1.  The E.E.O.C. mailed her notice that it was closing its case on April 12, 2018.  *See* Dkt. 9, Ex. 2 (letter sent to Ms. Moore from E.E.O.C.).  Plaintiff had to file a suit within ninety days of that notice.  42 U.S.C. 2000e-5(f)(1).  She did not do so.  Plaintiff does not dispute these facts, and she is not exempt from the ninety-day time limit for filing simply because she is proceeding *pro se*.  *Ugbo v. Knowles*, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007).  There are also no facts showing a basis to equitably toll the filing deadline.  *Id.*  As a result, her Title VII claim is untimely and summary judgment must be granted for Defendant.[15]

Similarly, while it is not clear from the Complaint whether—and under what theory of liability—Plaintiff is pursuing disability and age discrimination claims against Defendant, those claims would also be untimely.  Plaintiff presented her age and disability claims to the E.E.O.C. in her April 11, 2018 charge.  Dkt. 9, Ex. 1.  And the E.E.O.C. closed its case on those claims on April 12, 2018, meaning her deadline to sue Defendant for age or disability discrimination was the same as the deadline for her sex discrimination claim.  *Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731,

---

[15] Plaintiff also asserts a violation of the "Pregnancy Discrimination Act of 1978."  Dkt. 1 at 11.  However, courts have "recognized that a plaintiff does not have two causes of actions, one under Title VII and one under the PDA, where the claims are based on the same discriminatory conduct, namely pregnancy."  *Ruddy v. Bluestream Professional Serv., LLC*, 444 F. Supp. 3d 697, 699 n.2 (E.D. Va. 2020).  Because Plaintiff has not alleged that "she suffered any sex discrimination separate and apart from her allegations of pregnancy discrimination[,]" the PDA and Title VII actions are one and the same.  *Id.*

736-37 (E.D. Va. 2006) (ninety-day deadline applies to ADEA claims); *Weakley v. Homeland Sec. Sols., Inc.*, 2015 WL 11112158, at *10 (E.D. Va. May 19, 2015) (ninety-day deadline applies to ADA claims). Plaintiff does not dispute that she failed to file any suit against Defendant alleging age or disability discrimination until the action at hand commenced on January 18, 2022. Accordingly, summary judgment must be granted to Defendant on Plaintiff's age and disability discrimination claims.

Plaintiff's claim under the Equal Pay Act also fails. To prove an Equal Pay Act violation, Plaintiff must show (1) Defendant "paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility (3) under similar working conditions." *Spencer v. Va. State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019). Plaintiff has presented no facts showing that similarly-situated male employees were paid more or received higher pension benefits than her. Because there are no facts in the record supporting her Equal Pay Act claim, summary judgment must be granted to Defendant on that claim.

### 3. Plaintiff's Claims Pursuant to the New York Consent Decree

Plaintiff also claims that Defendant has violated a Consent Decree from a 2002 lawsuit against Defendant's predecessors. She alleges that she is a class member subject to the Consent Decree. The Consent Decree imposes various requirements for an individual to be a class member. *See* Dkt. 10, Ex. 1, at 9-10. Critically, class members must meet the following criteria:

> (1) took a *Pregnancy Related* or *Maternity-Related Leave* from any *Defendant* (or related predecessors) which commenced at any time between July 2, 1965 and April 27, 1979; and/or
>
> (2) took a *CNC Leave* of absence from any *Defendant* (or related predecessors) which commenced at any time between July 2, 1965 and December 31, 1983.

*Id.* at 9. There is no dispute that Plaintiff's leave was long after 1983; Plaintiff took leave in December of 1992. Indeed, the parties agree that Plaintiff was not even *employed* at Defendant

until 1989.  Fleming Decl. ¶ 2; Dkt. 14 at 7.[16]  Accordingly, Plaintiff is not a member of the class covered by the Consent Decree, and the Court must grant summary judgment for Defendant on all claims that Plaintiff asserts arise from that Consent Decree.

    4.  Plaintiff's Claims Pursuant to Union Agreements and Verizon's Code of Conduct

     Plaintiff also devotes one sentence in her Complaint to allegations that Verizon has "violated its Union Agreements and [its] Code of Conduct."  Dkt. 1 at 11.  She does not identify what provisions of what Union Agreements or Verizon's Code of Conduct were violated.  Indeed, she does not provide any more support for those allegations beyond that single sentence.  That "one-sentence allegation … is exactly the kind of 'naked assertion' that is insufficient to state a claim[]" under Rule 12(b)(6), and so Defendant is entitled to judgment as a matter of law under Rule 56, as well.  *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 221 (4th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008)); *see also White v. Dep't of Homeland Sec.*, 2022 WL 4448912, at *5 (W.D. Va. Sep. 22, 2022) (finding a one-sentence allegation to be insufficient as a matter of law).

     Even if Plaintiff did present facts sufficient to support a claim stemming from a union agreement, it would be legally barred.  "A six-month statute of limitations applies to actions … brought by an employee acting against [her] employer for breach of a collective bargaining agreement."  *Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 171-72 (1983)).  As stated *supra*, Plaintiff's claims are based on Defendant's allegedly improper withholding of pension benefits in 2017, and the denial of her

---

[16] Plaintiff does disagree with Defendant about the precise day she started working for Verizon.  Dkt. 14 at 7.  However, that dispute is immaterial; Plaintiff asserts she started on August 7, 1989, while Defendant claims she started on August 14, 1989.  It is undisputed that Plaintiff started no earlier than August 7, 1989, and thus could not meet the requisite criteria to be a part of the class covered by the New York Consent Decree.

claim in 2018.  As such, even assuming that Defendant violated its collective bargaining agreement in denying those benefits (an assumption for which there is no factual support), Plaintiff did not file her Complaint within six months of that breach, and that claim would be time-barred.

Finally, Plaintiff cannot pursue a claim under Verizon's Code of Conduct.  First, Plaintiff has not identified which part of the Code of Conduct was allegedly violated, and after a close reading of those provisions it is unclear to the Court which provision would apply.  And even if Verizon violated its Code of Conduct in dispersing Plaintiff's pension benefits, there is no indication that such a violation would give rise to a legal claim.  Indeed, the Code of Conduct itself provides that it does not vest any legal rights in its employees, Dkt. 9, Ex. 3 at 10, and there are no facts indicating otherwise.

Because any claim that Plaintiff might be bringing under a collective bargaining agreement or Verizon's Code of Conduct is insufficiently supported both as a matter of pleading and as a matter of law, the Court must grant summary judgment for Defendant on both of those claims, to the extent Plaintiff is bringing them.

### IV. Plaintiff's Motion for a Preliminary Injunction

#### A.  Standard of Review

Federal Rule of Civil Procedure 65(a) authorizes federal courts to issue preliminary injunctions.  "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008).  It is "to be applied only in the limited circumstances which clearly demand it."  *Cantley v. W. Va. Reg'l Jail and Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (internal citation and quotation marks omitted).  And "granting a preliminary injunction requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way." *Hughes Network Sys. v. InterDigital Comm'cns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994).  Courts do not lightly award this extraordinary relief, and

preliminary injunctions are therefore "to be granted only sparingly." *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 593 (E.D. Va. 2008) (quoting *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524 (4th Cir. 2003)).

To prevail on a motion for a preliminary injunction, the movant must establish that each of four factors weighs in her favor: (1) the likelihood that the moving party will succeed on the merits; (2) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (3) the balance of the equities; and (4) the public interest. *Winter*, 555 U.S. at 20.

### B. Analysis

In arguing that the Court should grant a preliminary injunction, Plaintiff claims that Verizon "knowingly and willfully breached [its] fiduciary duties." Dkt. 26 at 1. She claims that Defendant "has caused irreparable harm" by withholding her benefits information, causing her to be homeless and depend on "[f]ederal assistance." *Id.* at 3. She asserts that she is filing her motion for a preliminary injunction to "receive entitled accrual penalties of $110 per day." *Id.*

In response, Defendant argues that Plaintiff cannot establish that the relevant factors weigh in her favor. It contends that Plaintiff cannot establish that she is subject to irreparable harm if the preliminary injunction is denied, nor that she is likely to succeed on the merits of her case. Defendant cites to its Motion to Dismiss in arguing that Plaintiff is unlikely to succeed on the merits of her case.

As a matter of first principles, an injunction is a different remedy than actual (*i.e.* monetary) damages. An injunction "is a judicial order that 'tells someone what to do or not to do.'" *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057, 2064 (2022) (quoting *Nken v. Holder*, 556 U.S. 418, 428 (2009)). Actual damages, on the other hand, are "an amount awarded to a complainant for a proven injury or loss." *Kittrell v. RRR, L.L.C.*, 280 F. Supp. 2d 517, 521 n.8 (E.D. Va. 2003) (cleaned

up).  Here, it is unclear what injunction Plaintiff could procure from the Court: the relief she requests appears to be money damages.  Indeed, Plaintiff's Motion for a Preliminary Injunction indicates that she is "requesting *monetary* relief for her and her family."  Dkt. 26 at 4 (emphasis added).  This appears to include "entitled accrual penalties of $110 per day," *id.* at 3, in addition to the pension benefits that she claims were wrongly denied, *see* Dkt. 1 at 15-19.  Those remedies are better classified as monetary, not injunctive, relief.  Because it is not clear what equitable relief Plaintiff could obtain here, a preliminary injunction is not appropriate.  *Cf. Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 225 n.3 (4th Cir. 1998) (noting that it was "unclear what equitable relief would be appropriate" in ERISA claim).

Even if Plaintiff were able to meet the exacting standards for the granting of the equitable relief she seeks, she has not demonstrated that the preliminary injunction factors weigh in her favor.  First, as shown *supra*, Plaintiff does not allege facts to show that she is entitled to relief under ERISA; accordingly, she cannot show that she is likely to prevail on the merits of her case.  Second, Plaintiff has not made a "clear showing" of "actual and imminent" "irreparable harm" if the preliminary injunction is denied.  *H. Jay Spiegel & Assocs., P.C. v. Spiegel*, 652 F. Supp. 2d 630, 633-34 (E.D. Va. 2008).  In fact, the only "harm" she points to is *past* financial harm.  *See* Dkt. 26 at 2-3.  If Plaintiff were to prevail on the merits, that harm could "be remedied by money damages at the time of judgment[,]" rendering a preliminary injunction unnecessary.  *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).  Third, the balance of equities does not weigh in favor of granting a preliminary injunction.  Plaintiff's Complaint seems to boil down to a simple dispute over purportedly inaccurately dispersed pension payments—it would be inequitable to issue an injunction against Verizon to remedy that alleged monetary wrong.  Finally, an injunction is not in the public interest.  Plaintiff's claims concern alleged underpayment of pension benefits

personal to her alone; they do not implicate other potential claimants.  As a result, Plaintiff has not showed that a preliminary injunction is warranted.

IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Verizon Communications Inc.'s Motion to Dismiss (Dkt. 6) is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion for a Preliminary Injunction (Dkt. 26) is DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion to Expedite the Preliminary Injunction (Dkt. 31), Motion to Temporary Stay on Initial Injunction (Dkt. 33), Motion to Enforce ERISA U.S. Code 1132 (Dkt. 34); Motion to Ban the Rocket Docket (Dkt. 35); Motion to Extend Disclosure (Dkt. 36) and Motion to Verify Jurisdiction (Dkt. 37); and Defendant's Motion to Excuse Local Counsel at the Final Pretrial Conference (Dkt. 48) are DENIED as MOOT; and it is

FURTHER ORDERED that the Final Pretrial Conference scheduled for November 17, 2022, is VACATED.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Plaintiff's last address on file and to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
November 15, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge